UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TITO IBRAHIM BARSOUM ISHAK,       )
                                  )
            Petitioner            )
                                  )        Civil Action No.
    v.                            )        04cv10124-WGY
                                  )
JOHN ASHCROFT, ET AL.,            )
                                  )
            Respondent            )

RESPONDENT'S RETURN AND MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR STAY OF DEPORTATION

**SUMMARY STATEMENT OF CASE**

Petitioner is detained by respondent[1] pending execution of

petitioner's final administrative order of removal scheduled for

**January 24, 2004.**  Respondent files also herewith its Notice of

Intent to Execute Removal Order.

---

[1] The Immigration and Naturalization Service of the United States
Department of Justice was "abolished" by section 471 of the
Homeland Security Act of 2002, Pub. L. 107-296, tit. IV, subtits.
D, E, F, 116 Stat. 2135, 2192 (Nov. 25, 2002) ("HSA").  Most of
the interior enforcement functions of the former INS were
transferred to the Department of Homeland Security ("DHS"),
Directorate of Border and Transportation Security, Bureau of
Immigration and Customs Enforcement.  In addition, HSA section
1512(d) provides that "[r]eferences relating to an agency that is
transferred to the Department in statutes, executive orders,
rules, regulations, directives, or delegations of authority that
precede such transfer or the effective date of this act shall be
deemed to refer, as appropriate, to the Department, to its
officers, employees, or agents, or to its corresponding
organizational units or functions."  It is understood at present
that the responsive successor official of the Bureau of
Immigration and Customs Enforcement ("ICE"), Department of
Homeland Security, in the instant action is Interim Field Office
Director Bruce Chadbourne, of the ICE in Boston, Massachusetts.

1

Respondent files the instant return setting out the lawful basis of petitioner's custody, and opposing the motion for stay of deportation.  The motion for stay of deportation should be denied because petitioner's filings fail to demonstrate any likelihood of success on the merits, and so fail to meet the stay standard set out by the First Circuit Court of Appeals in Arevalo v. Ashcroft, 344 F.3d 1, 9 (1st Cir. 2003)("in sum, we hold that the applicable standard for evaluating requests for stays pending review of final orders of removal is the four-part algorithm used for preliminary injunctions"); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits); Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985) ("[o]f these four factors, the probability-of-success component in the past has been regarded by us as critical in determining the propriety of  injunctive relief").

Petitioner has failed entirely to demonstrate any likelihood of success on the merits of the claims made in his motion and petition for several reasons.

First, habeas corpus review of a removal order does not exist for record review of the administrative fact-finding of the Immigration Judge and Board of Immigration Appeals ("BIA"). Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002)("[f]ederal courts therefore retain subject matter jurisdiction over habeas

petitions brought by aliens facing removal to the extent those
petitions are based on colorable claims of legal error, that is,
colorable claims that an alien's statutory or constitutional
rights have been violated."); Goncalves v. Reno, et al., 144 F.3d
110, 125 (1st Cir. 1998) ("[o]ur holding is narrow and nothing we
say should be taken to suggest that such [28 U.S.C. § 2241]
review as is available on habeas is necessarily as broad as the
traditional administrative review available under old § 106. For
example, we are not being asked to 'review[] and reverse[] the
manner in which discretion was exercised' by examining 'the
evidence in the record supporting or undermining the alien's
claim to discretionary relief.'") (emphasis added); Lopez v.
Ashcroft, 267 F.3d 150, 153 (D. Mass. 2003)(Young, C.J.) (Court
holding that where a "fact-intensive review" of a legal
determination "demands an extensive factual inquiry", therefore
"the Court does not possess habeas jurisdiction in th[e] case.").

Petitioner misconceives the scope of habeas corpus review as
identical to the direct (circuit court) judicial review standard,
inasmuch as he essays on petition to "show that the BIA's
decision is not supported by reasonable, substantial, and
probative evidence on the record considered as a whole." Petition
at p.6.  Although a direct petition for judicial review of the
BIA order affirming the Immigration Judges's order would have

3

existed at the First Circuit Court of Appeals upon a properly filed petition for review, petitioner concedes he failed to "file a Petition for Direct Review with the U.S. Court of Appeals for the First Circuit within 30 days from the date of the BIA's decision." Petition at p. 4.

Because the scope of cognizable habeas corpus review is not "as broad as the traditional administrative review available under old [immigration and Nationality Act] § 106", Goncalves v. Reno, 144 F.3d at 125, the Court lacks jurisdiction to hear petitioner's claims. Petitioner therefore fails to demonstrate any likelihood of success on the merits of a case that is beyond the Court's habeas scope, and the Court should deny the request for stay of removal.

Second, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). Cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all

administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus."). Petitioner is not removable as a criminal alien, and could have perfected judicial review of the BIA's order affirming the Immigration Judge to the First Circuit Court of Appeals, but failed to do so as determined by the First Circuit in its stay denial dated January 13, 2004. See Attachment F to the Petition.

Finally, under circumstances very similar to the instant case involving an alien not barred from direct Circuit Court judicial review but who failed to seek such review of his removal order and who then filed a motion to reopen to the BIA and a habeas action in the district court, the First Circuit held where an alien "is not being deported for criminal offenses and has had full access to the [Circuit Court of Appeals] for direct review of orders leading to his deportation", that "it is hard to view the habeas petition as anything other than an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the Attorney General from 'execut[ing] [a] [removal order[].'" Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001)(emphasis added).[2]

---

[2] (g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney

In sum, even assuming review were not barred for failure of petitioner to avail himself of the prescribed statutory avenue of review, the instant action seeks review that is unavailable in habeas corpus review of a removal order. For these reasons, there can be no demonstration of likelihood of success on the merits, and the Court should deny the stay request. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)(the "sine qua non" of the preliminary injunction test is whether the movant is likely to succeed on the merits); Lancor v. Lebanon Hous. Auth., 760 F.2d 361, 362 (1st Cir. 1985) ("the probability-of-success component in the past has been regarded by us as critical in determining the propriety of  injunctive relief").

**CONCLUSION**

For all the reasons set out above, the Court should deny the motion for stay of removal, and deny all other relief sought.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  _____ .

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on January 21, 2004.

FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

7